

# Fourth Court of Appeals

### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00604-CR

Markus Lorenzo **SCOTT**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR5941
Honorable Laura Lee Parker, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Marialyn Barnard, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed: December 12, 2018

AFFIRMED

On July 18, 2017, after the jury was sworn and the five counts in the indictment were read, the trial court asked Appellant Markus Lorenzo Scott how he pled. Scott replied: "Not guilty, Your Honor, on a few of them." The State questioned Scott's plea, and the jury was removed from the courtroom. After some plea discussions in open court among Scott, his defense counsel, the State, and the court, the trial court warned and admonished Scott. The court confirmed that Scott understood he was entering an open plea, and Scott pled guilty to count one—assault causing serious bodily injury to a child younger than fourteen years of age, and count two—assault of a

family member by applying pressure to the throat or neck. The State requested, and the trial court made, a deadly weapon finding for both counts. Scott pled true to the enhancement allegation for count two. The trial court sentenced Scott to confinement in the Institutional Division of the Texas Department of Criminal Justice for forty-five years for count one and twenty years for count two, with the sentences to run concurrently. Scott appeals from his convictions.

### COURT-APPOINTED APPELLATE COUNSEL'S *ANDERS* BRIEF

Scott's court-appointed appellate attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967); counsel also filed a motion to withdraw. In appellate counsel's brief, he recites the relevant facts with citations to the record. Counsel analyzes the record with respect to the charging instrument; jury selection; adverse rulings on motions; the evidence to support the voluntariness of the pleas, the enhancement allegation, and the deadly weapon finding; and accompanies the analysis with relevant legal authorities. Counsel concludes the appeal is frivolous and without merit. *See Nichols v. State*, 954 S.W.2d 83, 85 (Tex. App.—San Antonio 1997, no pet.).

We conclude the brief meets the *Anders* requirements. *See Anders*, 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Appellate counsel provided Scott with a copy of the brief and counsel's motion to withdraw, and informed Scott of his right to review the record and file a pro se brief. *See Nichols*, 954 S.W.2d at 85–86; *see also Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Appellate counsel advised Scott of his right to request a copy of the record, and counsel provided Scott with a motion to request a copy of the record that lacked only the date and Scott's signature. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Appellate counsel also advised Scott of his right to file a pro se brief, provided some helpful guidance on how to prepare and file a pro se brief, and provided information

on the procedures pertaining to filing a petition for discretionary review. On April 5, 2018, after the State filed a brief waiver, this court advised Scott that if he wished to file a pro se brief, he must do so by May 21, 2018. More than three months after the court-ordered deadline, Scott sought an extension of time to file his pro se brief, but he failed to provide a reasonable explanation for failing to respond to our April 5, 2018 order, and his motion was denied.

### CONCLUSION

Having reviewed the entire record and court-appointed appellate counsel's *Anders* brief, we agree with Scott's court-appointed appellate counsel that there are no arguable grounds for appeal and the appeal is wholly frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We affirm the trial court's judgment and grant appellate counsel's motion to withdraw. *See Nichols*, 954 S.W.2d at 85–86; *Bruns*, 924 S.W.2d at 177 n.1.

No substitute counsel will be appointed. Should Scott wish to seek further review of this case by the Court of Criminal Appeals, he must file a petition for discretionary review either through a retained attorney or by representing himself. Any petition for discretionary review must be filed within thirty days from the date of either (1) this opinion or (2) the last timely motion for rehearing or motion for en banc reconsideration is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *Id.* R. 68.3(a). Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *Id.* R. 68.4.

Patricia O. Alvarez, Justice

DO NOT PUBLISH